United States Bankruptcy Court
Northern District of Illinois

In Re:

    Andrew J. Maxwell
    <u>BK Trustee</u>

    Erica Evans-Collins
    <u>Debtor/PRO SE</u>

Case No: 11-27214

Honorable Jack B. Schmetterer

*FILED*
*UNITED STATES BANKRUPTCY COURT*
*NORTHERN DISTRICT OF ILLINOIS*
*DEC 19 2014*
*JEFFREY P. ALLSTEADT, CLERK*
*PS REP. - MBM*

OBJECTION TO FINAL SUMMARY FEE CHARGES

COMES NOW the Debtor in the above captioned case, and respectfully requests that the hearing in this matter set for 12/30/2014 consider the debtor objection to Trustee's Final Report And Application For Compensation for the following reasons:

The debtor has asked for a detailed summary of emails and correspondence between attorneys because Maxwell Group is requesting 9,297.50 for additional legal fees for work that cannot be substantiated. Attorney Maxwell denied repeated request stating, he is not willing to invest the time or effort to locate emails without a reason being provided that is relevant.

Although Attorney Maxwell did not consider the debtor request as relevant. The debtor believes the request is reasonable and appropriate as other courts have found similar request to be reasonable and appropriate. In RE: Ramos V Lamm, 713 F2d 546; Associated Grocers of Colorado, Inc. 137 B.R. 413, 420.
    Both courts found it not to be an unbearable burden to require an
    attorney seeking compensation to enlighten the court as to the nature
    of his toil and the relation it bears to the matters at hand.

The assets in question are derived from the Estate of Leila Evans, debtor's grandmother. As the BK Trustee in 11-27214 Attorney Maxwell was re-assigned by the U.S. Trustee to serve as trustee in reopening the case. Attorney Maxwell subsequently appointed his law firm, Maxwell Group. The debtor wants to confirm that the services provided were not duplicated, and to what the extent, the matters were necessary or provided a benefit case.

As the beneficiary of the estate the debtor believes the request is reasonable and justifiable. As the BK Trustee, Attorney Maxwell filed motions and carried out duties as the trustee but also requested pay through Maxwell Group. An example of such is 4/14/2014, a motion was filed by Attorney Maxwell as BK Trustee. As the BK Trustee he would responsible for informing all parties involved in the motion. He is also requesting payment through Maxwell Group for emails sent pertaining to the same motion. The timeline does little to inform the debtor of whether the services were reasonable or necessary. Moreover, services appear

'duplicated in the role as the Trustee and Maxwell Group. The debtor cannot discern the nature, substance or services performed. In RE: Koch Brothers Development Co., 105 B.R. 515, 525; *Ealy v. Peddy*, 138 Ill. App.3d 397, 485 N.E.2d 1182. The court held that proper time entry should include the date the services were rendered, the identity of the biller, a detailed description of the nature of the services rendered and the number of hours expended. Without such info it is impossible to determine.

The debtor in this case is unable to determine the reasonable of fees because there is limited to no details regarding the nature of the services rendered. The refusal to comply with the debtor prior request doesn't allow the debtor to properly review the fees.

The debtor request that the court uses its discretion to consider the contents of the record in determining whether the fees requested are reasonable. Maxwell Group has failed to produce detail/narrative of services and computation upon which the claim for fees is clear and are not duplicative services, emails involved in this case do not clearly outline if they were only viewed, included on chain of other emails, or responded too by attorney Maxwell

> Another case in the Illinois appellate court, In RE: Board of Education v. County of Lake 156 Ill. App.3d 1064, 509 N.E.2d 1088 found that when descriptions provided are too vague they do not satisfy the burden required to demonstrate entitlement to compensation thru compensation court held timesheet and summaries containing only general descriptions of work performed are not an adequate substitute for detailed contemporaneous time records

The debtor believes the legal services performed are excessive and unreasonable and are not commensurate to the settlement approval and/or services performed. The debtor further ask the court to use its discretion to reconsider the fees and lack of description, the amount of litigation as held in Illinois appellate courts, In RE: Estate of Healy 137 ILL. App 3d 406, 484 and Losurdo Brothers v Arkin Distribution Co 125 ILL. App 3d. 267, 465 and reduce the amount of 9,297.50 similarly requested by Maxwell Group.

Should the court agree that the descriptions provided are too vague and do not satisfy the burden, and that the court does not wish to use it discretion to reduce the fees, then I would request that the court not allow Maxwell Group further compensation to review and present that which was not adequately presented.

Date:       12/19/2014

*Erica Evans Collins*

Debtor Signature /PRO SE

## Erica Collins

**From:** Andrew Maxwell <ajmaxwell@maxwellandpotts.com>
**Sent:** Monday, December 15, 2014 5:23 PM
**To:** Erica
**Cc:** 'trustee'; 'Robert Kreisman'; Kimberly.bacher@usdoj.gov
**Subject:** Re: Final report summary documents 11-27214

I find that to be a very unfair statement about Ms. Ashby. Make your arguments to the court.

Andrew J. Maxwell, Attorney
Maxwell Law Group, LLC
312-368-1138
fax 312-368-1080

**From:** Erica <drcollins@aol.com>
**To:** Andrew Maxwell <ajmaxwell@maxwellandpotts.com>
**Cc:** 'trustee' <trustee@maxwellandpotts.com>; 'Robert Kreisman' <bob@robertkreisman.com>; "Kimberly.bacher@usdoj.gov" <Kimberly.bacher@usdoj.gov>
**Sent:** Monday, December 15, 2014 12:26 PM
**Subject:** Re: Final report summary documents 11-27214

Also, I hope that Ms. Ashby's incompetence doesn't create a doubt of my intention when I filed the bk. I was not defrauding the court. Perhaps you should ask Ms. Ashby was she informed of my contact with Mr. Kreisman before suggesting that I may have done something improper or attempted. Just as there are criminals, there are lousy attorneys.

Sent on a Sprint Samsung Galaxy S® 5

-------- Original message --------
**From:** Andrew Maxwell <ajmaxwell@maxwellandpotts.com>
**Date:** 12/15/2014 11:27 AM (GMT-06:00)
**To:** Erica Collins <drcollins@aol.com>
**Cc:** 'trustee' <trustee@maxwellandpotts.com>, 'Robert Kreisman' <bob@robertkreisman.com>, Kimberly.bacher@usdoj.gov
**Subject:** Re: Final report summary documents 11-27214

   I am not willing to invest the time and effort to locate and copy all the emails in this case - quite possibly hundreds - without a reason being provided why that is relevant. Are you disputing that emails took place or the content of the emails or something else?
   My office files very detailed time records both as trustee and as attorneys so it is easy to track activities.
   I think you are forgetting that had Mr. Kreisman not contacted me about the lawsuit you failed to disclose on your bankruptcy filing, and had I not been willing to undertake to reopen the bankruptcy case and the U.S. Trustee to appoint a trustee, that you likely would have been barred from pursuing the lawsuit - everyone made a real effort to preserve this asset. In addition, in my experience, most of your creditors wrote off their debts after they received the original report of no assets, again premised on a failure to disclose the lawsuit, so very few creditors actually filed claims and are being

1

paid. Last, when you used the lawsuit as collateral to obtain a loan, post-petition, you created additional legal work for the trustee.
AJM

Andrew J. Maxwell, Attorney
Maxwell Law Group, LLC
312-368-1138
fax 312-368-1080


**From:** Erica Collins <drcollins@aol.com>
**To:** 'Andrew Maxwell' <ajmaxwell@maxwellandpotts.com>
**Cc:** 'trustee' <trustee@maxwellandpotts.com>; 'Robert Kreisman' <bob@robertkreisman.com>
**Sent:** Friday, December 12, 2014 9:42 AM
**Subject:** RE: Final report summary documents 11-27214

I'm not sure what the decision is regarding my request for emails. I've made several attempts, including this as my fourth attempt to Attorney Kreisman. I would like to resolve this issue without further delay. I currently don't understand the charges involved. They appear to be greater then what I've seen after reviewing other cases. However, if I could review them more closely it would allow me to decide if it's necessary to object/request a continuance or accept the charges without further delaying court proceedings.

I genuinely would appreciate your assistance and/or an explanation for your decision not to comply with my request.


**From:** Andrew Maxwell [mailto:ajmaxwell@maxwellandpotts.com]
**Sent:** Wednesday, December 10, 2014 11:38 AM
**To:** Erica M. Collins
**Cc:** 'trustee'; 'Robert Kreisman'
**Subject:** Re: Final report summary documents 11-27214

I strongly suggest you retain legal counsel. I also suggest that you review the time details filed along with the current fee applications that make up part of the final report. Mr. Kreisman's fees were previously agreed to by you and awarded by the bankruptcy court as part of the settlement approval process, so there is really $9300 of attorneys' fees at issue.

Andrew J. Maxwell, Attorney
Maxwell Law Group, LLC
312-368-1138
fax 312-368-1080


**From:** Erica M. Collins <drcollins@aol.com>
**To:** 'Andrew Maxwell' <ajmaxwell@maxwellandpotts.com>
**Cc:** 'trustee' <trustee@maxwellandpotts.com>; 'Robert Kreisman' <bob@robertkreisman.com>
**Sent:** Tuesday, December 9, 2014 6:58 PM
**Subject:** RE: Final report summary documents 11-27214

<u>I think my request is very relevant because there is a total of 43,000 in attorney fees. I understand some of the costs but a lot of it I don't. I would like to review in detail the time and labor spent on the</u>

2

case. I will file a motion this week asking the court for a continuance to review emails and any other correspondence that is relevant as it relates to the time and labor, novelty and difficulty of the questions and responses involved and the skill requisite for the performance of the legal services provided in this case.

# Erica M. Collins, Ph.D.
Cell: 773.858.3140



**From:** Andrew Maxwell [mailto:ajmaxwell@maxwellandpotts.com]
**Sent:** Tuesday, December 9, 2014 4:46 PM
**To:** Erica M. Collins
**Cc:** trustee; Robert Kreisman
**Subject:** Re: Final report summary documents 11-27214

I don't believe a request for "copies of email correspondences" is justifiable in this case without some explanation why that is necessary or relevant. I will certainly consider any reasonable request, however. What sort of objection is it you intend to submit? If additional legal fees are paid out of the estate, either to my office or others, it will reduce the amount of funds that will ultimately be paid to you out of the case.
 AJM

Andrew J. Maxwell, Attorney
Maxwell Law Group, LLC
312-368-1138
fax 312-368-1080


**From:** Erica M. Collins <drcollins@aol.com>
**To:** 'Andrew J. Maxwell -' <ajmaxwell@maxwellandpotts.com>; 'Christian J. Capo-' <cjcapo@maxwellandpotts.com>
**Sent:** Tuesday, December 9, 2014 3:39 PM
**Subject:** Final report summary documents

Good Afternoon, I have not received a hard copy of the final summary, however, I have accessed it online thru pacer. Can I please receive copies of all email correspondences? I do not believe I will have time to review the docs and submit an objection before the required date so I will request a continuance. Requests have been made to Kreisman and Malman, as well.

I look forward to your response. Thank you.

# Erica M. Collins, Ph.D.
Cell: 773.858.3140

3